UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　v.<br><br>JEROME JOSEPH,<br><br>　　Defendant. | Crim. Action No. 05-410<br>CKK/DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I. INTRODUCTION**

Defendant is charged by indictment with hostage taking of a United States citizen in violation of 18 U.S.C. § 1203(a), aiding and abetting and causing an act to be done, in violation of 18 U.S.C. § 2, and using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). A detention hearing was conducted by the undersigned United States Magistrate Judge on January 23, 2006.

Upon consideration of the proffers and arguments of counsel and the entire record herein, the defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

**II. THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition

United States v. Joseph                                                                                                                           2

or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir.), cert. denied, 479 U.S. 864 (1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. See 18 U.S.C. § 3142(g).

United States v. Joseph                                                                                                      3

### III.  DISCUSSION

At the hearing, the government adopted the proffers and arguments made in its Memorandum and Proffer in Support of Pretrial Detention (Docket No. 5).  Through his counsel, Defendant proffered that he has no criminal convictions for crimes of violence, and that the government's allegations regarding his acts of violence are limited to the instant action. Defendant conceded that he has no ties to the District of Columbia, or any community in the United States.  He proffered that he lives in Haiti with his mother, wife and children; is a full-time car mechanic; and is active in the Catholic church.  Defendant, through counsel, requested that he be released to a halfway house pending his trial.

### IV.  FINDINGS OF FACT

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by a preponderance of the evidence that no condition of release or combination of conditions would reasonably assure defendant's appearance, and by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community.  First, the nature and circumstances of the offense charged indicate that the defendant was actively involved in an armed hostage-taking of a United States national.

Second, the undersigned finds, for the reasons proffered by the government, that the weight of the evidence against defendant is compelling.

Third, defendant's history and characteristics militate against pretrial release.  Of particular significance is that the Defendant is a Haitian citizen with no ties to the community or family members anywhere in the United States.

United States v. Joseph                                                                                                          4

Finally, for the reasons proffered by the government, the undersigned finds that defendant's release would pose an exceedingly grave danger to the community.

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, defendant will be held without bond pursuant to the January 23, 2006 Order of Detention.

                                                      /s/
                                        DEBORAH A. ROBINSON
                                        United States Magistrate Judge

January 25, 2006
      DATE